UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

ANTHONY VANZANT #646251,

        Plaintiff,         Case No. 2:10-cv-71

v.         Honorable Robert Holmes Bell

JOYCE OJA, et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Discussion**

I.      Factual allegations

Plaintiff Anthony VanZant #646251, an inmate at the Oaks Correctional Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Classification Director Joyce Oja, Warden Greg McQuiggin, Resident Unit Manager Glen Lemon, and Grievance Officer R. D. Russell. Plaintiff claims that Defendant Oja violated his constitutional rights by placing him on "unemployable and / or leisure time restriction status" without "due notice." As a result, Plaintiff claims that he was denied privileges such as use of the telephone, yard privileges, and use of the day room activities. Plaintiff claims that when he attempted to resolve the situation, Defendant Oja retaliated against him by placing him on room restriction for 30 days.

Plaintiff filed a grievance against Defendant Oja, in which he claimed that Defendant Oja became argumentative when he attempted to tell her that he could not work due to a mental handicap. In the grievance, Plaintiff asserted that Defendant Oja told him to "shut his mouth." In the step II response to the grievance, Defendant McQuiggin states that Defendant Oja was interviewed and indicated that she explained to Plaintiff that he would not be placed in school while in a level IV because he is a "lifer." Defendant Oja told Plaintiff that he would have to choose one job pool and obtain employment instead. When Plaintiff became argumentative, Defendant Oja told him to leave. Defendant Oja placed Plaintiff on room restriction as an "unemployable prisoner" because he refused to accept a work assignment. (Plaintiff's Exhibit B.)

The step II response further states that Plaintiff is serving a life sentence and that prisoners serving life sentences remain on the waiting list and are only placed in school if there are no other prisoners needing school. In addition, unemployable prisoners are those prisoners who

refuse work or a mandatory school assignment. Defendant McQuiggin observed that Plaintiff was correct that the operating procedure required him to be notified of the consequences of refusing a job assignment, which did not occur. However, Plaintiff's misbehavior during the interview caused Defendant Oja to ask him to leave before she informed him of the consequences, so that there was no intentional violation of policy. Defendant McQuiggin concluded that Plaintiff could contact the Classification Director if he wished to be classified into a job pool. (Plaintiff's Exhibit B.)

Plaintiff asserts that Defendants' conduct violated his rights under the First, Fifth, Sixth, Eighth and Fourteenth Amendments. Plaintiff seeks compensatory and punitive damages, as well as injunctive relief.

II.  Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S. Ct.

at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff claims that his placement on unemployable status violated his due process rights. Plaintiff further alleges that supervisory officials were not impartial when he complained about Defendant Oja. These due process claims merit little discussion. Claims under § 1983 may not be based upon alleged violations of state law, nor may federal courts order state officials to comply with their own law. *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984). Plaintiff does not enjoy any federally protected liberty or property interest in state procedure. *See Olim v. Wakinekona*, 461 U.S. 238, 250 (1983); *Sweeton v. Brown*, 27 F.3d 1162, 1164 (6th Cir. 1994). Nor does Plaintiff have an inherent constitutional right to rehabilitation, education, job assignments, or other programming. *See Rhodes v. Chapman*, 452 U.S. 337, 348 (1981); *Moody v. Daggett*, 429 U.S. 78, 88, n.9 (1976); *Newsom v. Norris*, 888 F.2d 371, 374-75 (6th Cir. 1989); *Canterino v. Wilson*, 869 F.2d 948, 952-54 (6th Cir. 1989); *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987); *Bills v. Henderson*, 631 F.2d 1287 (6th Cir. 1980).

Moreover, it is clear that even if a protected liberty interest was implicated by the facts of this case, Plaintiff received due process of law. In all cases where a person stands to be deprived of his life, liberty or property, he is entitled to due process of law. This due process of law gives the person the opportunity to convince an unbiased decision maker that, for example, he has been wrongly or falsely accused or that the evidence against him is false. The Due Process clause does not guarantee that the procedure will produce a correct decision. "It must be remembered that even if a state decision does deprive an individual of life, [liberty], or property, and even if that decision is erroneous, it does not necessarily follow that the decision violated that individual's right to due process." *Martinez v. California*, 444 U.S. 277, 284, n.9 (1980). "[T]he deprivation by state action of a constitutionally protected interest in "life, liberty or property" is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest *without due process of law*." *Zinermon v. Burch*, 494 U.S. 113, 125 (1990) (emphasis in original). Further, an inmate has no right to counsel in disciplinary proceedings. *Wolff v. McDonnell*, 418 U.S. 539, 569-70 (1974); *Franklin v. Aycock*, 795 F.2d 1253, 1263 (6th Cir. 1986). As noted above, Plaintiff filed a grievance and, at step II, Defendant McQuiggin concluded that Plaintiff was correct in that he was denied notice prior to being placed on unemployable status. Defendant McQuiggin then stated that Plaintiff could contact the Classification Director if he wished to be classified into a job pool. Therefore, Plaintiff received due process.

Plaintiff also claims that Defendant Oja retaliated against him when she placed him on unemployable status. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1)

he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Thaddeus-X*, 175 F.3d at 394. Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)). In this case, Plaintiff was placed on unemployable status because he refused a work assignment. Such an action does not constitute protected conduct. Therefore, Plaintiff's retaliation claim is properly dismissed.

Plaintiff claims that his placement on unemployable status violated his rights under the Eighth Amendment. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

In order for a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to inmate health or safety." *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (applying deliberate indifference standard to medical claims); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims)). Plaintiff's allegations do not rise to the level of an Eighth Amendment deprivation.

In addition, Plaintiff makes a conclusory statement that Defendants' actions violated his rights under the Fifth Amendment. The Double Jeopardy Clause of the Fifth Amendment precludes successive state proceedings that are essentially criminal in nature. *Breed v. Jones*, 421 U.S. 519, 527-528 (1974). In *Breed*, the Court noted that criminal proceedings impose heavy pressures and burdens on a person charged. *Breed*, 421 U.S. at 529-530. The purpose of the Double Jeopardy Clause is to ensure that a person not be subject to such a proceeding more than once for the same offense. *Breed*, 421 U.S. at 530. The Fifth Amendment also protects a person's right against self-incrimination. *Baxter v. Palmigiano*, 425 U.S. 308, 316 (1975). A prisoner may remain silent when charged with a prison rule infraction, but his silence during a prison disciplinary hearing may be weighed against him in determining his guilt. *Palmigiano*, 425 U.S. at 316-319. Plaintiff in this case failed to allege any facts which would implicate his rights under the Fifth Amendment. Therefore, Plaintiff's Fifth Amendment claim are properly dismissed.

Finally, Plaintiff contends that his Sixth Amendment right was violated by Defendants' conduct. The Sixth Amendment protects a person's right to counsel in all criminal proceedings. U.S. CONST. amend. VI. Plaintiff's allegations do not implicate the Sixth Amendment.

**Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: <u>November 3, 2010</u>                             /s/ Robert Holmes Bell
                                                          ROBERT HOLMES BELL
                                                          UNITED STATES DISTRICT JUDGE